**PETER C. ANDERSON**
**UNITED STATES TRUSTEE**
Michael Anthony Jones, Bar No. 271574
Assistant United States Trustee
Katherine C. Bunker, Bar No. 240593
Trial Attorney
**OFFICE OF THE UNITED STATES TRUSTEE**
915 Wilshire Blvd., Ste. 1850
Los Angeles, California 90017
Telephone: (213) 894-3326
E-mail: kate.bunker@usdoj.gov

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

|  |  |
|---|---|
| In re | ) |
| | ) Case No. 1:25-bk-11111-VK |
| **OSTENDO TECHNOLOGIES, INC.,** | ) |
| | ) Chapter 11 |
| Debtor. | ) |
| | ) **U.S. TRUSTEE'S OBJECTION TO** |
| | ) **APPROVAL OF DISCLOSURE** |
| | ) **STATEMENT DESCRIBING DEBTOR'S** |
| | ) **CHAPTER 11 PLAN (DATED JANUARY** |
| | ) **20, 2026)** |
| | ) |
| | ) Date:  February 4, 2026 |
| | ) Time: 1:30 pm |
| | ) Ctrm: 301 |
| | ) |
| | ) |
| | ) |

TO THE HONORABLE VICTORIA KAUFMAN, UNITED STATES BANKRUPTCY

JUDGE, AND OTHER PARTIES IN INTEREST:

Peter C. Anderson, the United States Trustee for Region 16 (the "U.S. Trustee"), objects to

the approval of the Disclosure Statement Describing Debtor's Chapter 11 Plan (Dated January 20,

2026) (the "Disclosure Statement") [Docket No. 240] and Debtor's Chapter 11 Plan (Dated

January 20, 2026) (the "Plan") [Docket No. 239] as the Disclosure Statement fails to provide

adequate information as required by 11 U.S.C. § 1125 and includes inappropriate exculpations and

releases that are not allowed in the Ninth Circuit.  For the reasons that follow and absent necessary

amendments, the Court should deny approval of the Disclosure Statement.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      BACKGROUND FACTS AND PROCEDURAL SUMMARY

1.      On June 24, 2025, Ostendo Technologies, Inc. (the "Debtor") filed a voluntary chapter 11 petition in the United States Bankruptcy Court for the Central District of California.[1]

2.      While the case has been pending, the Debtor has obtained court authority to sell its intellectual property assets, equipment assets, and has resolved claims with certain secured creditors and its landlord.

3.      On January 20, 2026, the Debtor filed the Disclosure Statement and Plan.  The Plan is a liquidating plan and on the effective date, the Debtor shall create and enter into a liquidating trust agreement (the "Liquidating Trust") for the benefit of creditors.  All right, title and interest of the Debtor and the bankruptcy estate in property and assets that has not previously been sold (the "Trust Property") shall be transferred to the Liquidating Trust.  The Liquidating Trust will be used to distribute the Trust Property and to investigate and prosecute any claims and causes of action of the estate against third parties that are not resolved as of the effective date.  A copy of the Liquidating Trust is to be filed with the Court prior to the hearing on the Disclosure Statement.[2]

4.      Under the Liquidating Trust, a liquidating trustee (the "Liquidating Trustee") shall be designated and oversee the preservation, holding, management and maximization of all Trust Property and distribute such to the beneficiaries of the Liquidating Trust.  The Liquidating Trustee may pay the reasonable salaries, fees and expenses of any professionals he retains (including himself) to assist in the administration of the Liquidating Trust.  The Disclosure Statement states that the Liquidating Trustee shall be identified at least fourteen days prior to the Plan confirmation hearing.

5.      The Disclosure Statement and Plan include an exculpations and releases provision (the "Exculpation Provision") that states:

---

[1] Unless other indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §101-1532, and the Federal Rules of Bankruptcy Procedure ("FRBP"), Rules 1001-9037.

[2] As of the filing of this objection, the Liquidating Trust has not been filed with the Court preventing interested parties from reviewing it.

> To the maximum extent permitted by law, neither the Debtor, the Liquidating Trust, the Liquidating Trustee, nor any of their respective employees, officers, directors, shareholders, agents, members, representatives, or professionals employed or retained by any of them, shall have or incur any liability to any person or entity for any act taken or omission made in good faith in connection with or related to the formulation and implementation of the Plan or the Liquidating Trust Agreement, or any contract, instrument, release, or other agreement or document created in connection therewith, the solicitation of acceptances for or confirmation of the Plan, or the consummation and implementation of the Plan and the transactions contemplated therein.

Disclosure Statement at 51; Plan at 39.

6. The Disclosure Statement and Plan also include an indemnity provision for the Liquidating Trustee and his agents, employees, professionals, attorneys, accountants, advisors and representatives that indemnifies them from the Trust Property for any loss, claims, damages, liabilities and expenses that they may incur or become subject to in connection with any action, suit, proceeding or investigation brought or threatened against them on account of their acts or omissions relating to the Liquidating Trust (the "Indemnity Provision"). Disclosure Statement at 41-42; Plan at 29-30. The Indemnity Provision excludes indemnification for any act or omission constituting bad faith, fraud or willful misconduct. *Id.*

## II. DISCUSSION

Section 1125 of the Bankruptcy Code prohibits the solicitation of acceptances or rejections of a plan from the holder of a claim or interest unless a written disclosure statement, which the court has found to contain adequate information, has first been transmitted to such holder. "Adequate information" is defined as:

> [I]nformation of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records . . . that would enable . . . a hypothetical investor of the relevant class to make an informed judgment about the plan . . . .

11 U.S.C. § 1125(a)(1).

The phrasing of this section indicates that a finding of "adequate information" will be made on a case-by-case basis. No set of guidelines, therefore, could hope to be exclusive or exhaustive. However, there has developed some consensus around a "core" set of factors to be considered in most cases. The leading case setting forth these factors is *In re Metrocraft Publishing Services,*

3

*Inc.*, 39 B.R. 567 (Bankr. N.D. Ga. 1984).  The *Metrocraft* court found that factors relevant to evaluating the adequacy of a disclosure "may include" the following:

> (1) the events which led to the filing of a bankruptcy petition; (2) a description of the available assets and their value; (3) the anticipated future of the company; (4) the source of information stated in the disclosure statement; (5) a disclaimer; (6) the present condition of the debtor while in Chapter 11; (7) the scheduled claims; (8) the estimated return to creditors under a Chapter 7 liquidation; (9) the accounting method utilized to produce financial information and the name of the accountants responsible for such information; (10) the future management of the debtor; (11) the Chapter 11 plan or a summary thereof; (12) the estimated administrative expenses, including attorneys' and accountants' fees; (13) the collectability of accounts receivable; (14) financial information, data, valuations or projections relevant to the creditors' decision to accept or reject the Chapter 11 plan; (15) information relevant to the risks posed to creditors under the plan; (16) the actual or projected realizable value from recovery of preferential or otherwise voidable transfers; (17) litigation likely to arise in a nonbankruptcy context; (18) tax attributes of the debtor; and (19) the relationship of the debtor with affiliates.

*Metrocraft*, 39 B.R. at 568.

While the determination of adequate information is discretionary and factual, a disclosure statement should not be approved if it describes an unconfirmable plan.  *See, e.g., In re Arnold*, 471 B.R. 578, 586 (Bankr. C.D. Cal 2012) ("where a plan is on its face nonconfirmable, as a matter of law, it is appropriate for the court to deny approval of the disclosure statement describing the nonconfirmable plan").  "If, on the face of the plan, the plan could not be confirmed, then the Court will not subject the estate to the expense of soliciting votes and seeking confirmation.  Not only would allowing a nonconfirmable plan to accompany a disclosure statement, and be summarized therein, constitute inadequate information, it would be misleading and it would be a needless expense to the estate."  *Id.* (citing *In re Pecht*, 57 B.R. 137, 139 (Bankr. E.D. Va. 1986)).

**A.      The Exculpation Provision is Impermissible under Ninth Circuit Precedent**

To the extent that applicable law authorizes exculpations beyond 11 U.S.C. § 1125(e), the Ninth Circuit in *Blixseth v. Credit Suisse* has only approved an exculpation provision for a non-estate fiduciary that was "narrow in both scope and time" and "closely involved' in drafting the Plan."  961 F.3d 1074, 1081 (9th Cir. 2020).  In considering exculpation generally, the Ninth Circuit first cited with approval the Third Circuit's decision in *In re PWS Holding Corp.*, 228 F.3d 224, 246 (3d Cir. 2000).  In *PWS*, the Third Circuit considered whether an official committee of

4

unsecured creditors could be exculpated and held that 11 U.S.C. § 1103(c) implies both a fiduciary duty and a limited grant of immunity to members of the unsecured creditors' committee with approval.  That decision has been interpreted to limit exculpation solely to estate fiduciaries for conduct taken during a bankruptcy case.  *See, e.g., In re Washington Mutual, Inc.*, 442 B.R. 314, 350-51 (Bankr. D. Del. 2011) ("[An] exculpation clause must be limited to the fiduciaries who have served during the chapter 11 proceeding: estate professionals, the Committees and their members, and the Debtors' directors and officers."); *In re PTL Holdings LLC*, 2011 WL 5509031 at *12 (Bankr. D. Del. Nov. 10, 2011) ("the exculpation clause here must be reeled into include only those parties who have acted as estate fiduciaries and their professionals").[3]

1.    *The Exculpation Provision Extends to Non-Fiduciaries of the Bankruptcy Estate*

The Disclosure Statement and Plan in this case contain a broad exculpation provision extending beyond the fiduciaries of the Debtor's bankruptcy estate who were involved with the Debtor's post-petition conduct relating to formulating the Plan.  The Exculpation Provision includes the Debtor, the Liquidating Trust, the Liquidating Trustee, and any of their respective employees, officers, directors, shareholders, agents, members, representatives, or professionals employed or retained by any of them (collectively, the "Exculpated Parties").  Disclosure Statement at 51; Plan at 39.  Thus, the Disclosure Statement and Plan would exculpate parties who the Debtor has failed to establish owe a fiduciary duty to the bankruptcy estate and assisted in the drafting of the Plan.  The Exculpation Provision should be narrowed to include only estate fiduciaries and their professionals for which the Debtor obtained Bankruptcy Court approval after

[3] Like the Third Circuit, most courts that have approved exculpation clauses have held that only estate fiduciaries, like trustees, the debtor's officers and directors, official committees and their members, and counsel to estate fiduciaries may be exculpated and only for conduct that is court-supervised conduct that carries out estate fiduciary duties during the chapter 11 case, that is, conduct that occurs after the petition has been filed and before the plan's effective date.  *See*, *e.g., In re Highland Capital Mgmt., L.P.*, 48 F.4th 419, 437 (5th Cir. 2022) ("any exculpation in a Chapter 11 reorganization plan [must] be limited to the debtor, the creditors' committee and its members for conduct within the scope of their duties, 11 U.S.C. § 1103(c), and the trustees within the scope of their duties . . . ." ); *Patterson v. Mahwah Bergen Retail Grp., Inc.*, 636 B.R. 641, 700-01 (E.D. Va. 2022) ("Exculpation is appropriate when it is solely limited to fiduciaries who have served a debtor through a chapter 11 proceeding.") (citing *In re Health Diagnostic Lab. Inc.*, 551 B.R. 218, 232 (Bankr. E.D. Va. 2016)).

5

the petition date and on or before the effective date of the Plan that contributed to the formation of the Plan.

### 2. *The Exculpation Provision is Overbroad Because it Extends Beyond the Effective Date*

The Exculpation Provision is not limited temporally and therefore includes actions of the Exculpated Parties that may not occur until after the effective date. But exculpation "only extends to conduct that occurs between the Petition Date and the Effective date." *In re Mallinckrodt PLC*, 639 B.R. 837, 883 (Bankr. D. Del. 2004). In *Blixseth*, the Ninth Circuit approved the exculpation there because it was "narrow in both scope and time." 961 F.3d at 1082. The bankruptcy court's decision on review in *Blixseth* specifies the narrow temporal scope of the exculpation clause at issue: it only covered acts occurring during the case, specifically "between November 10, 2008 [Petition Date] and July 17, 2009 [Notice of Effective Date]" could be exculpated. *In re Yellowstone Club, LLC*, 460 B.R. at 271. "Acts falling outside the foregoing dates are not protected." *Id.*

Based on the Ninth Circuit's rationale in *Blixseth*, as well as the standards employed in other courts, this Court should not approve exculpation clauses that appear to extend beyond the plan approval process. 961 F.3d at 1082; *see, e.g., Mallinckrodt PLC*, 639 B.R. at 883. In *Blixseth*, the exculpation clause release was limited to "…any act or omission in connection with, relating to or arising out of the Chapter 11 cases or bankruptcy filing." *Id.* at 1081.

Here, the Exculpation Provision impermissibly protects post-effective date conduct. The Exculpation Provision states that it applies to actions taken by the Exculpated Parties after confirmation of the Plan including, "…the consummation and implantation of the Plan and the transactions contemplated therein." Disclosure Statement at 39; Plan at 51. In addition, it includes the Liquidating Trust and Liquidating Trustee, which will not exist until after the effective date. Disclosure Statement at 39; Plan at 51. *See In re Fraser's Boiler Serv.*, 593 B.R. 636, 642 (Bankr. W.D. Wash. 2018) (sustaining objection to exculpation in liquidating trust agreement, where trustee would not exist until after plan is confirmed and had "not done anything yet that warrants exculpation or release"); *In re Mallinckrodt PLC*, 639 B.R. at 849 ("Neither the reorganized debtor

6

nor the distribution agents have any role in the bankruptcy prior to the effective date.  The reorganized debtor does not even exist until the effective date, and the indenture trustees will not distribute anything until after the effective date, meaning they cannot act as distribution agents prior to that time.  Accordingly, the exculpation provision's inclusion of either is improper here and must also be removed.").  There is simply no legal basis for conduct after the Plan's effective date to be exculpated.

       3.   *The Exculpation Provision Fails to Exclude Actions Amounting to Willful Misconduct, Gross Negligence, or Professional Malpractice*

"Exculpation provisions are designed to 'insulate court-supervised fiduciaries and some other parties from claims that are based on actions that relate to the restructuring." *In re Genesis Glob. Holdco, LLC*, 660 B.R. 439, 527 (Bankr. S.D.N.Y. 2024).  However, it should not exculpate estate fiduciaries from actions that amount to willful misconduct, gross negligence, or professional malpractice.  *In re PWS Holding Corp.*, 228 F.3d at 246.

The Exculpation Provision fails to carve out actions that amount to willful misconduct, gross negligence, or professional malpractice.  The fiduciaries should not be exculpated for willful misconduct, gross negligence, or professional malpractice as such act would fall outside the scope of their duties.  *Highland Capital Mgmt., L.P.*, 48 F.4th at 437.

The U.S. Trustee asserts that the Exculpation Provision should be modified to address the concerns raised above as follows:

> **J. Exculpations and Releases.** To the maximum extent permitted by law, the Debtor, [names of specific employees, officers, directors, shareholders, agents, members, and/or representatives that helped draft plan] together with the professionals employed or retained by the Debtor pursuant to an application filed with, and approved by, the Bankruptcy Court (the "Professionals"), shall not have or incur any liability to any person or entity for any act taken or omission made in good faith after the Petition Date and on or before the Effective Date in connection with or related to the formulation and implementation of the Plan or the Liquidating Trust Agreement, or any contract, instrument, release, or other agreement or document created in connection therewith, or the solicitation of acceptances for or confirmation of the Plan (the "Exculpated Claims"), except for willful misconduct, gross negligence, or professional malpractice.  For the avoidance of doubt, the exculpations and releases provided with respect to the Professionals shall only apply to Exculpated Claims arising during the period such Professional was a

Bankruptcy Court approved Professional and shall not apply to any Exculpated Claims arising prior thereto or thereafter.

**B.      There Is Inadequate Information About the Liquidating Trust and Liquidating Trustee**

The Disclosure Statement indicates that a copy of the Liquidating Trust is to be filed before the Disclosure Statement hearing and the Liquidating Trustee shall be designated fourteen days prior to the confirmation hearing.  Because the Liquidating Trust has yet to be provided, it is unclear whether it contains terms that would be in violation of the Bankruptcy Code.  In addition, because the identity of the Liquidating Trustee has not been provided, it is impossible to know if the Liquidating Trustee has any conflicts.

There also has been no discussion about the estimated fees of the Liquidating Trustee and any professional which the Liquidating Trustee may use in connection with administering the Liquidating Trust.  This lack of information prevents a hypothetical creditor from analyzing whether the fees of the Liquidating Trustee would be more than the estimated administrative expenses for a chapter 7 trustee and the chapter 7 trustee's professionals.

The Disclosure Statement should be amended to attach the Liquidating Trust and to disclose who the Liquidating Trustee will be and his proposed fees.  The liquidation analysis also needs amendment to discuss the Liquidating Trustee's estimated fees in comparison to those of a chapter 7 trustee.

**C.      The Indemnity Provision Fails to Exclude Acts or Omissions Constituting Gross Negligence**

Although the Indemnity Provision excludes acts or omissions constituting bad faith, fraud, or willful misconduct by the Liquidating Trustee or his agents, employees, professionals, attorneys, accountants, advisors and representatives, it fails to exclude gross negligence.  As discussed above, disinterested fiduciaries of a debtor-in-possession should not be indemnified for conduct outside the scope of their duties, including acts of gross negligence. Thus, the Indemnity Provision in the Disclosure Statement at pages 41-42 and the Plan at pages 29-30 should be amended to exclude gross negligence.

8

**D.    The Debtor's Duty to File Post-Confirmation Quarterly Reports Should be Described**

The U.S. Trustee Guidelines and Requirements for Chapter 11 Debtors In Possession (the "Guidelines") require non-small business and non-subchapter V debtors to file UST Form 11-PCR, Post-confirmation Report ("PCR") once the effective date of a confirmed plan occurs for each quarter until the earlier of the date the case is closed, dismissed, or converted to another chapter. The Disclosure Statement and Plan are silent about the Debtor's duty to do this.  Hypothetical creditors should be made aware of this reporting requirement.  Accordingly, the U.S. Trustee requests that the Court order the following language be added to the Disclosure Statement in section VIV and the Plan in section VIII:

**U.S. Trustee Post-Confirmation Reports.**

Within five (5) business days of the Effective Date, the Liquidating Trustee shall file with the Bankruptcy Court a notice of the Effective Date.  Following the Effective Date, the Liquidating Trustee shall file quarterly post-confirmation reports ("PCR") pursuant to U.S. Trustee Guidelines. The PCR must be filed every calendar quarter until one of the following occurs: (1) the date of the final decree; (2) the conversion of the case to a case under another chapter; or (3) the dismissal of the case.

**III.    CONCLUSION**

The U.S. Trustee contends that the overly broad Exculpation Provision renders the Plan to be unconfirmable and that there is inadequate information relating to the Liquidating Trust and Liquidating Trustee to allow for approval of the Disclosure Statement.  In addition, there should be amendments to address the concerns with the Indemnity Provision and the Debtor's duty to comply with the Guidelines. Therefore, the U.S. Trustee respectfully requests that, absent necessary amendments, approval of the Disclosure Statement be denied.

Dated: February 25, 2026                              UNITED STATES TRUSTEE

                                                                    By:  /s/ *Katherine C. Bunker*
                                                                            Katherine C. Bunker
                                                                            Trial Attorney

9

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

915 Wilshire Blvd., Ste. 1850
Los Angeles, CA 90017

A true and correct copy of the foregoing document entitled (*specify*): U.S. Trustee's Objection to Approval of Disclosure Statement Describing Debtor's Chapter 11 Plan (Dated January 20, 2026) _____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 2/25/26_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) __2/25/26_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __2/25/26_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 2/25/26 | Veronica Hernandez | /s/ Veronica Hernandez |
|---------|--------------------|------------------------|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**

**BY NOTICE OF ELECTRONIC FILING**

Ron Bender     rb@lnbyg.com
Anthony Bisconti     tbisconti@bklwlaw.com,
1193516420@filings.docketbird.com,docket@bklwla
w.com
Sunil A Brahmbhatt     sunillaw@yahoo.com,
G22121@notify.cincompass.com
Michael D Breslauer     mbreslauer@swsslaw.com,
sdurazo@swsslaw.com
Katherine Bunker     kate.bunker@usdoj.gov
Robert Carrasco     rmc@lnbyg.com, rmc@lnbyg.com
Richard H Golubow     rgolubow@wghlawyers.com,
jmartinez@wghlawyers.com;
svillegas@wghlawyers.com
Elan S Levey     elan.levey@usdoj.gov,
usacac.tax@usdoj.gov;caseview.ecf@usdoj.gov;
usacac.tax@usdoj.gov
Krikor J Meshefejian     kjm@lnbyg.com
David Mincin     cburke@mincinlaw.com,
dmincin@lawlasvegas.com
Kenneth Misken     Kenneth.M.Misken@usdoj.gov
Christine Relph     chris.relph@rctlaw.net
Allan D Sarver     ADS@asarverlaw.com
United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov
Larry D Webb     Webblaw@gmail.com,
larry@webblaw.onmicrosoft.com

**SERVED BY U.S. MAIL**

U.S. Bankruptcy Court
21041 Burbank Blvd.
Woodland Hills, CA 91367

Ostendo Technologies, Inc.
Campus@ Warner Center
21255 Burbank Blvd., Suite 120
Woodland Hills, CA 91367

James Harold Friesen
9340 Quinn Rd
Bloomington, MN 55437

Min Soo Kim
215 E. Regent St #312
Inglewood, CA 90301

Keith Thu Lam
2556 Austin Pl
Santa Clara, CA 95050

Mincin Law, PLLC
7465 W. Lake Mead Boulevard, #100
Las Vegas, NV 89128

Kenny Ngoc Lam
10 Knollview Dr
Pomona, CA 91766

Fengchao Xie
748 Corona Dr
Oceanside, CA 92057

Sulin Yang
8876 Nathans Cove Ct
Jacksonville, FL 32256

Guangying Zhang
11305 Affinity Ct Unit 137
San Diego, CA 92131