RON BENDER (SBN 143364)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone:  (310) 229-1234; Facsimile:  (310) 229-1244
Email: RB@LNBYG.COM; KJM@LNBYG.COM

Attorneys for Chapter 11 Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>OSTENDO TECHNOLOGIES, INC.,<br>a California corporation,<br><br>        Debtor and Debtor in Possession | Case No.: 1:125-bk-11111-VK<br><br>Chapter 11 Case<br><br>**DEBTOR'S REPLY TO DR. HUSSEIN S. EL-GHOROURY'S OBJECTION TO APPROVAL OF AMENDED DISCLOSURE STATEMENT DESCRIBING DEBTOR'S CHAPTER 11 PLAN (DATED APRIL 10, 2026)**<br><br><u>Disclosure Statement Hearing</u>:<br>DATE:     May 13, 2026<br>TIME:     1:00 p.m.<br>PLACE:   Courtroom 301<br>           21041 Burbank Blvd.<br>           Woodland Hills, CA 91367 |

1

Ostendo Technologies, Inc., the debtor and debtor in possession in the above-referenced chapter 11 bankruptcy case (the "Debtor"), hereby files this Reply to the Objection [Doc 310] filed by Dr. Hussein S. El-Ghoroury ("Dr. El-Ghoroury") to the Debtor's Disclosure Statement (the "Amended Disclosure Statement") [Doc 301] describing the Debtor's Chapter 11 Plan (Dated April 10, 2026) (the "Plan").

## I.   INTRODUCTION

The Debtor has resolved the objections of the Official Committee of Unsecured Creditors (the "Committee")  and the United States Trustee (the "UST") and both parties have no objection to the approval of the Amended Disclosure Statement.  The sole remaining objecting party is Dr. EL-Ghoroury, whose objections either lack merit, or can easily be addressed.

First, the Debtor has not yet identified a proposed liquidating trustee, but the Debtor is not proposing to solicit votes on the Plan prior to identifying a proposed liquidating trustee.  The Debtor will identify a proposed liquidating trustee and has reached out to a potential candidate to gauge the potential candidate's interest.  Such potential candidate serves as a panel trustee in the Central District of California and has advised the Debtor's counsel that such potential candidate is disinterested and has no conflicts of interest.

Second, Dr. El-Ghoroury's contention that there is a "glaring conflict of interest" in allowing the Debtor's management to "control the selection of the liquidating trustee" lacks merit because in reality, the Debtor will merely propose a liquidating trustee and the Court will ultimately determine whether to approve such appointment when the Court considers whether or not to confirm the Debtor's Plan.  The Debtor is open to suggestions regarding who should be the liquidating trustee and has always indicated that it would be willing to work with the Committee to select an appropriate liquidating trustee.  At no point in time has the Debtor sought to appoint a particular person as liquidating trustee.

Third, the Debtor has sufficiently described the estate's retained claims and causes of action and has gone so far as to specifically include in the Disclosure Statement all of Dr. El-Ghoroury's contentions.  The Debtor has not obtained a valuation of such claims and causes of action and is not required to do so in order to obtain Court approval of the Disclosure Statement.

Requiring the Debtor to do so will result in the dissipation of limited cash resources of the estate which will ultimately reduce recoveries to creditors and potentially result in the administrative insolvency of the estate.  The liquidating trustee will ultimately evaluate the estate's claims and causes of action and decide whether or not to pursue them – a framework that is wholly supported by both the Committee and the UST.

Fourth, the Plan's exculpation provisions have been narrowly tailored based on comments received from the UST to apply to only those individuals who participated in the preparation of the Plan, and do not implicate or affect the estate's retained claims and causes of action. Moreover, the validity of the Plan's exculpation provisions are not a disclosure issue at all – rather, the Court will evaluate at Plan confirmation whether or not the Plan's exculpation provisions should be approved.

Dr. El-Ghoroury's efforts to delay the resolution of this case and impede progress towards Plan confirmation should be denied.  The estate has limited cash and the Debtor's goal is to preserve as much cash as possible for the benefit of creditors, fund a liquidating trust for the benefit of creditors, and resolve this case as soon as possible.  Both the Committee and the UST have no objection to the Amended Disclosure Statement, and any objections Dr. El-Ghoroury has to confirmation of the Plan can be raised in that context.  The Court should approve the Disclosure Statement subject to the Debtor identifying a proposed liquidating trustee.

## II. ARGUMENT

### A. The Debtor Will Identify The Proposed Liquidating Trustee Prior To Soliciting Votes On The Plan.

The Debtor is not seeking to obtain Plan acceptance prior to identifying a proposed liquidating trustee and creditors will have information pertaining to the identity of the liquidating trustee prior to voting on the Plan.  The Debtor intends to propose a liquidating trustee that has experience in chapter 11 cases in this District in serving as a trustee and such professional will not have any conflicts of interest in serving in such role.  The Debtor will not propose a liquidating trustee that has any affiliation with the Debtor or its former or current management and such individual will be completely independent from the Debtor and its former or current management,

officers, and directors.  The Amended Disclosure Statement and Plan provide that there will be a cap on the fees and expenses of the liquidating trustee subject to the liquidating trustee's ability to seek an increase in such cap from the Court for cause shown.

**B.    There Is No Conflict Of Interest In The Selection Of The Liquidating Trustee.**

The Debtor will propose a liquidating trustee, but only the Court will determine whether to approve the Plan, and by extension, the appointment of the liquidating trustee.  The Debtor is not attempting to propose the appointment of a partial liquidating trustee – neither the Debtor nor its current management are seeking to obtain favorable treatment and there is no dispute that the liquidating trustee will be independent and will independently evaluate claims against third parties, including former and current management.  Dr. El-Ghoroury offers no proposal in connection with the manner of selecting a liquidating trustee – the Debtor is open to considering any and all concepts in connection with the manner in which a liquidating trustee is selected, and if any party in interest, including Dr. El-Ghoroury, the Committee or the UST, have a proposal, the Debtor invites them to share it with the Debtor.  Absent an actual proposal by Dr. El-Ghoroury, the Debtor submits that it is entirely appropriate for the Debtor to propose a liquidating trustee and for the Court to consider his or her appointment in connection with confirmation of the Plan.

**C.    The Amended Disclosure Statement Sufficiently Describes The Estate's Claims And Causes Of Action.**

The Amended Disclosure Statement contains detailed discussions regarding the estate's potential claims and causes of action, including derivative claims.  There is no question that the estate owns derivative claims and causes of action.  The Amended Disclosure Statement does not ascribe a value to claims because the value is completely unknown.  The Debtor is not required to value estate claims and causes of action in connection with approval of a Disclosure Statement and, to the extent the Debtor is required to do so, the Debtor will be required to expend the limited cash the estate has available in order to do so.  Rather, the Plan provides that the liquidating trust will retain those claims and the liquidating trustee will evaluate those claims – this is a wholly appropriate, permissible, and common manner of dealing with retained claims and causes of

action. None of the caselaw cited by Dr. El-Ghoroury stand for the proposition that the Debtor is required to provide a valuation of estate claims and causes of action in order to obtain approval of a Disclosure Statement.

The Committee previously raised objections pertaining to the valuation of claims and causes of action but after discussions between the Debtor and the Committee, the Committee has not objected to the Amended Disclosure Statement and as far as the Debtor is aware, has withdrawn its prior request that the Debtor conduct a valuation of claims and causes of action. The Debtor has provided, based on the Committee's suggestion, a cap of $75,000 on the fees and costs of the Liquidating Trust, subject to an increase for cause shown, with the Court to determine whether any increase is appropriate.

**D. The Amended Exculpation Provision Addresses The UST's Concerns And Is A Plan Confirmation Issue, Not A Disclosure Statement Issue.**

Dr. El-Ghoroury's contention that the amended exculpation provision is problematic lacks merit, and his objections to the amended exculpation provision do not render the Amended Disclosure Statement inadequate. The amended exculpation provision was revised to address the UST's comments. It is limited to specified estate fiduciaries and professionals, applies only to good-faith conduct after the Petition Date and on or before the Effective Date in connection with the Chapter 11 case, the formulation and implementation of the Plan, the Liquidating Trust Agreement, and related matters, and includes carve-outs for willful misconduct, gross negligence, and professional malpractice. More importantly, the exculpation provision does not release or adjudicate retained estate claims identified in the Amended Disclosure Statement. To the extent any party contends that the exculpation language should be further narrowed, that issue may be addressed at confirmation. It is not a basis to deny approval of the Amended Disclosure Statement where the relevant claims, parties, and issues have been disclosed.

**E. The Events Surrounding The Timing Of The Bankruptcy Filing Have Been Disclosed.**

Dr. El-Ghoroury's contention that the timing of the bankruptcy filing is "suspicious" and that the Debtor somehow needs to explain in the Disclosure Statement such contentions lacks

merit. The Debtor has already disclosed the events leading up to the bankruptcy filing and Dr. El-Ghoroury's contentions, and the Debtor is not required to adopt Dr. El-Ghoroury's unproven conjecture. Dr. El-Ghoroury's contention that "creditors are entitled to this information so they can evaluate whether the Amended Plan truly serves their interests or those of conflicted management" makes no sense and demonstrates that either Dr. El-Ghoroury has a deeply flawed understanding of the Plan or is attempting to hinder and delay the administration of this case due to his own personal animus towards the Debtor and its current management. The Debtor has already sold all of its assets pursuant to Court orders – Dr. El-Ghoroury chose not to participate in such sales and did not object to either the sale processes or the approval of sales in this case. Dr. El-Ghoroury's contention that the Debtor's intellectual property was "acquired at a steep discount" is preposterous on its face – the Debtor conducted an asset sale pursuant to a Court-approved process that was far-reaching, comprehensive, fair and open to any and all qualified buyers. Dr. El-Ghoroury chose to not participate in that process and did not object to it. Investors invested hundreds of millions of dollars in Dr. El-Ghoroury's company and have lost their investment – Dr. El-Ghoroury should consider his own role in these events, including the incurring of tens of millions of dollars in debt, including to the Debtor's own employees, without the ability to pay them when he was CEO of the Debtor, rather than attempting to place blame on others.

This estate is comprised of limited cash and potential claims and causes of action with unknown value. The Debtor has proposed a plan that proposes to distribute cash to creditors and fund a liquidating trust to evaluate and pursue claims. The Debtor's management is not seeking any releases of derivative claims or favorable treatment. No other creditor has objected to the Amended Disclosure Statement, nor has the Committee. There is no secret motive to serve the interests of the Debtor's management. The Debtor seeks to administer this case and preserve value to the maximum extent possible, as efficiently as possible. The remaining objections do not show that creditors lack adequate information to vote on the Plan.

### III.  **<u>CONCLUSION</u>**

The Court should overrule the Objection and approve the Disclosure Statement, subject to the Debtor identifying a proposed liquidating trustee.

Dated: April 29, 2026

OSTENDO TECHNOLOGIES, INC.


By:  /s/ Krikor J. Meshefejian
         RON BENDER
         KRIKOR J. MESHEFEJIAN
         LEVENE, NEALE, BENDER, YOO
         & GOLUBCHIK L.L.P.
         Counsel for Chapter 11 Debtor and
         Debtor in Possession

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034

A true and correct copy of the foregoing document entitled **Debtor's Reply To Dr. Hussein S. El-Ghoroury's Objection To Approval Of Amended Disclosure Statement Describing Debtor's Chapter 11 Plan (Dated April 10, 2026)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On *April 29, 2026* I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- ☐ Ron Bender    rb@lnbyg.com
- ☐ Anthony Bisconti    tbisconti@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com
- ☐ Sunil A Brahmbhatt    sunillaw@yahoo.com, G22121@notify.cincompass.com
- ☐ Michael D Breslauer    mbreslauer@swsslaw.com, sdurazo@swsslaw.com
- ☐ Katherine Bunker    kate.bunker@usdoj.gov
- ☐ Robert Carrasco    rmc@lnbyg.com, rmc@lnbyg.com
- ☐ Lisa R Chandler    lisa.chandler@ipfs.com
- ☐ Richard H Golubow    rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- ☐ Elan S Levey    elan.levey@usdoj.gov, usacac.tax@usdoj.gov;caseview.ecf@usdoj.gov;usacac.tax@usdoj.gov
- ☐ Krikor J Meshefejian    kjm@lnbyg.com
- ☐ David Mincin    cburke@mincinlaw.com, dmincin@lawlasvegas.com
- ☐ Kenneth Misken    Kenneth.M.Misken@usdoj.gov
- ☐ Christine Relph    chris.relph@rctlaw.net
- ☐ Allan D Sarver    ADS@asarverlaw.com
- ☐ United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
- ☐ Larry D Webb    Webblaw@gmail.com, larry@webblaw.onmicrosoft.com

2.  <u>**SERVED BY UNITED STATES MAIL**</u>: On **April 29, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

*Honorable Victoria Kaufman*
United States Bankruptcy Court
21041 Burbank Boulevard, Suite 354 / Courtroom 301
Woodland Hills, CA 91367                    ☐Service list attached

3.  <u>**SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**</u> (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **April 29, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                        **F 9013-3.1.PROOF.SERVICE**

☐Service list attached

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 29, 2026 | Kayleen Chang | /s/ Kayleen Chang |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**